HYUNSUK ALBERT CHANG (SBN 206270)
Email: albertchang@aclawfirm.net
HECTOR HSU (SBN 323657)
Email: hhsu@aclawfirm.net
LAW OFFICES OF ALBERT CHANG
1225 W. 190th Street, Suite 420
Gardena, CA 90248
Telephone: (310) 769-6836

Attorneys for Plaintiff SEOHEE CORPORATION,
a South Korean Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEOHEE CORPORATION, a South Korean Corporation<br><br>    Plaintiff,<br><br>    vs.<br><br>HEBA APPAREL, INC., a California Corporation; FASHION NOVA, LLC, a California Limited Liability Company; DRESSESWEL, an Unknown Business Entity; MERCARI, INC., a California Corporation, d/b/a MERCARI.COM; WALMART INC., a Delaware Corporation, d/b/a WALMART; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT;**<br>2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SEOHEE CORPORATION, a South Korean Corporation, ("Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief as follows:

**COMPLAINT**
- 1 -

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff is a South Korean corporation that conducts business in California and Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant HEBA APPAREL, INC. ("HEBA") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1027 Towne Avenue, Los Angeles, CA 90021, which is authorized to do business, and is doing business in the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant FASHION NOVA, LLC ("FASHION NOVA") is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 2801 E. 46th Street, Vernon, CA 90058, which is authorized to do business, and is doing business in the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant DRESSESWEL ("DRESSESWEL") is, and at all times mentioned herein was, an unknown business entity, with its principal place of business located at 1621 Rivergate Drive, Sevierville, TN 37862, which is authorized to do business, and is doing business in the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant MERCARI, INC., also doing business as MERCARI.COM ("MERCARI") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1530 Page Mill Road, Suite 100, Palo Alto, CA 94304, which is authorized to do business, and is doing business in the State of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant WALMART INC., also doing business as WALMART ("WALMART") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 702 SW 8th Street, Bentonville, AR 72716, which is authorized to do business, and is doing business in the State of California.

10. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which thus sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full

knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## **CLAIMS RELATED TO DESIGN SE-DD-113**

12. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing, which is set forth hereinbelow. Plaintiff allocated this artwork Plaintiff's internal design number SE-DD-113 (hereinafter the "Subject Design"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

13. Plaintiff applied for and received a United States Copyright Registration for the Subject Design. A copy of the registration is attached hereto as Exhibit A.

14. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

15. Plaintiff is informed and believes and thereon alleges that HEBA, FASHION NOVA, DRESSESWEL, MERCARI and certain DOE defendants created, sold, manufactured, caused to be manufactured, imported, and/or distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of the Subject Design (the "Subject Product A") to its retailers as well as to the public.

16. A comparison of the Subject Design and the Subject Product A below makes apparent that the elements, colors, composition, arrangement, layout, and appearance of the designs are substantially similar.

| Subject Design | Subject Product A |
|---|---|
| Detail  | Detail  |
| Design  | Garment  |

17. Plaintiff is informed and believes and thereon alleges that WALMART and certain DOE defendants created, sold, manufactured, caused to be manufactured, imported, and/or distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of the Subject Design (the "Subject Product B") to its retailers as well as to the public.

18. A comparison of the Subject Design and the Subject Product B below makes apparent that the elements, colors, composition, arrangement, layout, and appearance of the designs are substantially similar.

| Subject Design | Subject Product B |
| --- | --- |
| Detail | Detail (WALMART) |
| Design | Garment |

**COMPLAINT**

- 6 -

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability for statutory damages under the Copyright Act, 17 U.S.C. § 504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants)

20. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE defendants, including, without limitation, international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and/or (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

22. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design or were an illegal derivation or modification thereof.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, manufacturing, and/or developing directly infringing and/or derivative works from the Subject Design and by manufacturing, distributing, and/or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

24. Due to Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered general and special damages to its business in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement as alleged herein, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under the Copyright Act, 17 U.S.C. § 504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement

– Against All Defendants)

28. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

31. By reason of the Defendants' and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

32. Due to Defendants' and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement as alleged herein, which were willful, intentional, and malicious, which further subjects Defendants,

LAW OFFICES OF ALBERT CHANG
1225 W. 190th Street, Suite 420
Gardena, California 90248
(310) 769-6836

and each of them, to liability for statutory damages under the Copyright Act, 17 U.S.C. § 504(c)(2) in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against all Defendants as follows:

1. That Defendants, and each of them, and their respective agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

2. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement, the exact sum to be proven at the time of trial under the Copyright Act, 17 U.S.C. § 504(b), or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 504(c) et seq.;

3. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. §101 et seq.;

4. That Plaintiff be awarded pre-judgment interest as allowed by law;

5. That Plaintiff be awarded the costs of this action; and

6. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Date: April 27, 2023    LAW OFFICES OF ALBERT CHANG

          By: /s/ Hyunsuk Albert Chang
             Hyunsuk Albert Chang
             Hector Hsu
             Attorneys for Plaintiff
             SEOHEE CORPORATION

LAW OFFICES OF ALBERT CHANG
1225 W. 190th Street, Suite 420
Gardena, California 90248
(310) 769-6836

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Acting United States Register of Copyrights and Director

**Registration Number**

**VAu 1-336-050**

**Effective Date of Registration:**
September 18, 2018

## Title

| | |
|---|---|
| **Title of Work:** | SE-DD-113 |
| **Content Title:** | SE-DD-113 |
| | SE-DD-115 |
| | SE-DD-121 |
| | SEA-029 -100 |

## Completion/Publication

**Year of Completion:** 2018

## Author

| | |
|---|---|
| **• Author:** | SEOHEE CORPORATION |
| **Author Created:** | 2-D artwork |
| **Work made for hire:** | Yes |
| **Domiciled in:** | Korea, South |

## Copyright Claimant

**Copyright Claimant:** SEOHEE CORPORATION
#801 GOLDPIA BLDG 472-1,, GEUMO-DONG,, UIJEONGBUSI, GYEONGGI-DO, Korea, South

## Rights and Permissions

**Organization Name:** SEOHEE CORPORATION
**Address:** #801 GOLDPIA BLDG 472-1,
GEUMO-DONG,
UIJEONGBUSI, GYEONGGI-DO, Korea, South

## Certification

      **Name:** Daniel Jung
      **Date:** September 18, 2018

---

**Copyright Office notes:** Basis for Registration: An unpublished collection, which extends to only each individual copyrightable work in the collection.   17 USC 410(a) and 37 CFR 202.3(b)(4)(i)(B).



